**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Briana McKnight,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Brian McKnight, et al.,<br><br>　　　　Defendants. | No. CV-20-01956-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff Briana McKnight's ("Plaintiff") motion for leave to file a second amended complaint ("SAC"), which Defendant Brian McKnight ("Defendant") opposes. (Docs. 15, 19.) For the following reasons, the motion is granted.

## BACKGROUND

On October 8, 2020, Plaintiff initiated this action by filing a complaint. (Doc. 1.) That same day, the Court issued an order requiring Plaintiff to file an amended complaint that properly alleged the existence of subject matter jurisdiction. (Doc. 6.)

On October 12, 2020, Plaintiff filed a first amended complaint ("FAC"). (Doc. 8.) In a nutshell, the FAC alleges that Defendant, "a well-known singer" who is Plaintiff's estranged father, posted a video on his social media accounts in August 2019 in which he falsely accused Plaintiff of having sex with one of her relatives. (*Id.* ¶¶ 2, 19.) The FAC asserts two claims: (1) defamation and (2) false light invasion of privacy. (*Id.* ¶¶ 29-37.)

On November 12, 2021, Defendant filed an answer to the FAC. (Doc. 11.)

On January 8, 2021, the parties filed the Rule 26(f) report. (Doc. 13.) In the report,

Plaintiff's counsel stated that Plaintiff had recently become aware of a different potential claim against Defendant arising from his alleged "failure to procure and pay for a $1,000,000 life insurance policy with the plaintiff as beneficiary pursuant to the terms of a stipulated judgment in an Arizona family law proceeding involving support for the plaintiff." (*Id.* at 2.) Based on this representation, the Court issued a scheduling order that set February 8, 2021 as the deadline for the parties to seek leave to file amended pleadings. (Doc. 18 at 1.)

On January 15, 2021, Plaintiff filed the pending motion for leave to file a SAC. (Doc. 15.) The only proposed changes are to add allegations and claims pertaining to the insurance policy. (Doc. 15-1.)

On January 29, 2021, Defendant filed an opposition. (Doc. 19.)

On February 4, 2021, Plaintiff filed a reply. (Doc. 21.)[1]

**DISCUSSION**

Because Plaintiff requested leave to amend her complaint before the amendment deadline set forth the scheduling order, her request is governed by Rule 15(a)(2) of the Federal Rules of Civil Procedure. "Rule 15 advises the court that 'leave [to amend] shall be freely given when justice so requires.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "This policy is 'to be applied with extreme liberality.'" *Id.* Thus, Plaintiff's amendment request should be granted unless "the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Of these factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052.

Defendant opposes Plaintiff's amendment request because her proposed new insurance-related claims are "wholly unrelated" to her existing defamation-related claims and "arise from wholly unrelated facts and circumstances." (Doc. 19 at 2.) More specifically, Defendant argues that (1) Rule 15(a)(2)'s liberal amendment standard only

---

[1] Plaintiff requested for oral argument, but this request is denied because the issues are fully briefed and oral argument will not aid the Court's decision. *See* LRCiv 7.2(f).

applies "when the amended complaint is substantively related to the original complaint" (*id*. at 4); (2) granting Plaintiff's amendment request would "radically alter the scope and nature of the case," by "turn[ing] a simple defamation action about a single isolated incident in August 2019 into an unwieldy family law case stretching back to 2003" (*id.* at 5-6); (3) Plaintiff would not suffer any prejudice if her request were denied because she could simply file a separate lawsuit (*id.* at 6); and (4) he will suffer prejudice if the amendment request is granted because a joint trial of all claims "would allow Plaintiff to introduce evidence unrelated to the Defamation Claims that would evoke an emotional bias against Defendant" and result in juror confusion (*id.* at 6-8).

Defendant's arguments lack merit. As an initial matter, although Plaintiff's proposed new claims against Defendant may not be transactionally related to her existing claims against Defendant, this does not preclude Plaintiff from asserting both sets of claims in the same action. Rule 18(a) of the Federal Rules of Civil Procedure provides that "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Thus, "[o]nce a party properly asserts its first claim, it may use that as a platform to assert any other claim—related or unrelated—against that particular opposing party." *See* 1 S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 18, at 479 (2018). *See also Wolde-Meskel v. Vocational Instruction Project Community Servs., Inc.*, 166 F.3d 59, 62 (2d Cir. 1999) ("[C]laims joined under Rule 18 need not be part of the same case or controversy as claims over which the court would have independent original jurisdiction."). And because Plaintiff sought leave to assert the new claims before the expiration of the amendment deadline set forth in the scheduling order, Rule 15(a)(2)'s liberal amendment standard remains applicable. *See* Gensler, *supra*, at 481 (noting that "[a] party who is already asserting a claim may amend its pleadings to add other claims as allowed by Rule 18" and that "the standards governing amended pleadings under Rule 15 would then also have to be met"). *See also Nilsen v. City of Moss Point*, 674 F.2d 379, 389 (5th Cir. 1982) (recognizing that "at the beginning of an action, a plaintiff is free to join any claims that he may have against the defendant

regardless of whether they are factually related" under Rule 18(a), whereas "if he attempts to amend to include an unrelated claim on the eve of trial, the district court would be justified in denying leave to amend").

That standard is easily satisfied here. As noted, Defendant doesn't argue that Plaintiff's amendment request is sought in bad faith or is futile (which are two of the four grounds for opposing an amendment request under Rule 15(a)(2)). Nor does it appear that Defendant is making a claim of undue delay (which is the third ground) and such a claim would, in any event, be unavailing. Although the new claims may expand the scope of discovery in this action, they will not result in undue delay. This case is still in the early stages of the discovery process.

As for prejudice (which is the final ground for opposing an amendment request under Rule 15(a)(2)), all of Defendant's arguments are based on the hypothetical prejudice that could flow from *trying* the insurance- and defamation-related claims at the same time before the same jury. But by granting Plaintiff's amendment request, the Court is simply allowing Plaintiff to pursue discovery related to both sets of claims at the same time as part of the same action. This approach should, if anything, promote efficiency, as both sets of claims touch upon and, in a sense, arise from the parties' estranged father-daughter relationship. Moreover, it is possible that one or both sets of claims will not survive summary judgment.[2] In that scenario, Defendant's concerns about trial prejudice would be mooted—there would be no joint trial of both sets of claims. And finally, even if both sets of claims do survive summary judgment, the Court will have an array of tools at its disposal (including, if necessary, bifurcation) to avoid the spillover effect that Defendant fears.

…

…

…

---

[2] This statement should not be viewed as expressing any prejudgment as to the viability of Plaintiff's specific claims. It is a general observation about the civil litigation process.

Accordingly,

**IT IS ORDERED** that:

(1)     Plaintiff's motion for leave to file a SAC (Doc. 15) is **granted**.

(2)     Plaintiff may, within 14 days of this order, file and serve the SAC.

Dated this 8th day of February, 2021.

Dominic W. Lanza
United States District Judge