**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Briana McKnight, | No. CV-20-01956-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Brian McKnight, et al., | |
| Defendants. | |

Pending before the Court is Defendant Brian McKnight's ("Defendant") Rule 12(b)(1) motion to dismiss certain claims based on a lack of subject-matter jurisdiction. (Doc. 29.) The motion is fully briefed and neither side has requested oral argument. For the following reasons, the motion is denied.

**RELEVANT BACKGROUND**

The parties in this action are an estranged father and daughter. In the original iteration of the complaint, Plaintiff Briana McKnight ("Plaintiff") asserted two tort claims—defamation and false light invasion of privacy—premised on the allegation that her father, a well-known singer, posted a video on his social media accounts in August 2019 in which he falsely accused her of having sex with one of her relatives. (Doc. 1.)

Plaintiff later sought leave to amend her complaint to add new claims arising from Defendant's alleged "failure to procure and pay for a $1,000,000 life insurance policy with the plaintiff as beneficiary pursuant to the terms of a stipulated judgment in an Arizona family law proceeding involving support for the plaintiff." (Docs. 13, 15.) In response,

Defendant acknowledged that "[n]othing prevents Plaintiff from filing the family law claims as a separate lawsuit" but opposed the amendment request on the ground that adding such claims to this case would be prejudicial and unfairly expand the scope of the case. (Doc. 19.) The Court overruled these objections and granted Plaintiff's amendment request. (Doc. 24.) Afterward, Plaintiff filed the now-operative version of the complaint, which adds claims for breach of contract, restitution, breach of the implied duty of good faith and fair dealing, and specific performance. (Doc. 25 ¶¶ 38-65.)

On February 23, 2021, Defendant filed the Rule 12(b)(1) motion that is the subject of this order. (Doc. 29.)

On March 24, 2021, Plaintiff filed a response. (Doc. 33.)

On April 8, 2021, Defendant filed a reply. (Doc. 41.)

On April 20, 2021, with the Court's permission (Doc. 45), Plaintiff filed a sur-reply. (Doc. 47.)

**DISCUSSION**

A. <u>The Parties' Arguments</u>

Defendant moves, under Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss the four new claims that were added in the latest version of the complaint. (Doc. 29.) In a nutshell, Defendant argues that because "the Stipulated Judgment is not an independent contract for which the relief requested can be granted, but a court order," Plaintiff cannot rely on it as the foundation for a breach-of-contract claim. (*Id.* at 2.) Defendant then asserts, in a portion of his motion unencumbered by case citations, that the absence of an underlying contract means this Court lacks subject-matter jurisdiction over the new claims. (*Id.* at 4 ["[T]here is no separately enforceable contract. Absent such an agreement, no court can enforce the relief requested by the Contract Claims as the exclusive jurisdiction for entertaining those claims ended when Plaintiff emancipated."].)

Plaintiff opposes Defendant's motion. (Doc. 33.) Plaintiff's overarching argument is that Defendant's jurisdictional challenge fails because he isn't really raising a jurisdictional challenge and that subject-matter jurisdiction is obviously present here

1. because Defendant previously conceded the existence of diversity jurisdiction.  (*Id.* at 1-9.)  Alternatively, Plaintiff contends that Defendant's challenge fails on the merits because "the unanimous weight of federal and Arizona authority hold that stipulated judgments are (1) interpreted as contracts, (2) even more enforceable than contracts because they cannot be challenged, and (3) enforceable by intended third party beneficiaries such as [Plaintiff]." (*Id.* at 9-14.)

In reply, Defendant changes tack.  (Doc. 41.)  He now frames the issue as whether this Court "has subject matter to enforce a Family Law Judgment" and argues that, although this Court has subject-matter jurisdiction over the tort claims in this action via diversity jurisdiction, it does not have jurisdiction over the new claims because they fall within the "'domestic relations exception' to diversity jurisdiction" that was recognized in *Elk Grove Unified School District v. Newdow*, 542 U.S. 1 (2004), *Ankenbrandt v. Richards*, 504 U.S. 689 (1992), and *Barber v. Barber*, 62 U.S. 582 (1858).  (*Id.* at 3.)

In her sur-reply, Plaintiff argues that Defendant's reliance on the "domestic relations exception" is misplaced because she isn't asking the Court "to issue a divorce, alimony, or child custody decree" and is merely asking the Court to enforce a final judgment that was previously entered in state court.  (Doc. 47.)

**DISCUSSION**

The issues presented in Defendant's motion and reply do not require extended discussion.  The theory underlying the challenged claims is that Defendant violated his obligations under a final judgment that was issued by an Arizona state court in 2003.  In Plaintiff's view, the final judgment functionally operates as a contract, meaning that Defendant can be sued under various breach-of-contract theories.

This Court possesses subject-matter jurisdiction over such breach-of-contract claims under 28 U.S.C. § 1332, the diversity jurisdiction statute. Everybody acknowledges that Plaintiff and Defendant are diverse—that is why Plaintiff was originally allowed to file her tort claims in federal court.  The addition of contract-based claims between the same diverse parties does not somehow impair the existence of subject-matter jurisdiction

under § 1332.

The arguments raised in Defendant's motion and reply do not alter this conclusion. In his motion, Defendant seems to suggest that subject-matter jurisdiction is lacking because a state-law judgment doesn't functionally operate as a contract and thus can't provide the foundation for a breach-of-contract claim. The difficulty with this argument is that, at its core, it isn't a jurisdictional argument. Instead, it's effectively a Rule 12(b)(6) challenge to the new claims. But irrespective of which side is correct as to the ultimate validity of the new claims—an issue that need not be resolved at this juncture—this Court possesses subject-matter jurisdiction over them. *See, e.g., Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) ("It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.,* the courts' statutory or constitutional power to adjudicate the case."); *Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction.").

Nor do the claims fall within the "domestic relations exception" to subject-matter jurisdiction, as Defendant argues for the first time in his reply. In *Ankenbrandt v. Richards*, 504 U.S. 689 (1992), a mother of two minor children brought a lawsuit in federal court against her ex-husband and her ex-husband's female companion, alleging that the defendants had engaged in sexual and physical abuse of the children in violation of state tort law. *Id.* at 691-92. The mother further alleged that subject-matter jurisdiction existed under 28 U.S.C. § 1332 because the parties were diverse. *Id.* The district court dismissed the lawsuit under the theory that it was barred by the "'domestic relations' exception to diversity jurisdiction" but the Supreme Court reversed, holding that "the domestic relations exception encompasses only cases involving the issuance of a divorce, alimony, or child custody decree" and that the exception wasn't implicated by the mother's lawsuit because "[t]his lawsuit in no way seeks such a decree; rather, it alleges that [defendants] committed

torts . . . . Federal subject-matter jurisdiction pursuant to § 1332 thus is proper in this case." *Id.* at 704. The exception is inapplicable here for a similar reason. Plaintiff isn't asking this Court to *issue* a divorce, alimony, or child custody decree. Instead, she is merely attempting to *enforce* a judgment that was issued, and became final, nearly two decades ago. *Stahl v. Stahl*, 2013 WL 1431664, *2 (D. Guam 2013) ("Christopher is requesting enforcement of the Virginia Final Order of Divorce by way of a $172,000 money judgment . . . . This does not require the court to *issue* a divorce, alimony, or child custody decree as the Virginia court has already issued the divorce decree and it did not adjudicate alimony or child custody. As Christopher is merely asking the court to enforce the Virginia judgment, this case falls outside the narrow domestic relations exception as articulated by the Supreme Court in *Ankenbrandt*.").

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 29) is **denied**.

Dated this 20th day of May, 2021.

Dominic W. Lanza
United States District Judge