1  Gregory B. Collins, Esq.
2  Mitchell P. Reber, Esq.
   **KERCSMAR FELTUS & COLLINS**
3  7150 E. Camelback Road, Suite 285
   Scottsdale, Arizona 85251
4  Telephone: (480) 421-1001
   Facsimile:  (480) 421-1002
5  E-mail:     gbc@kfcfirm.com
6

7  Jordan Susman, Esq. (CA Bar No. 246116)
8  Margo Arnold, Esq. (CA Bar No. 313444)
   **NOLAN HEIMANN LLP**
9  16133 Ventura Blvd. Ste. 820
   Encino, California 91436
10 Telephone: (818) 574-5710
   Facsimile:  (818) 574-5689
11 E-mail:     jsusman@nolanheimann.com
12             marnold@nolanheimann.com
13 *Admitted Pro Hac Vice*

14
15 Attorneys for Defendant
   BRIAN MCKNIGHT
16

17              **UNITED STATES DISTRICT COURT**

18                   **DISTRICT OF ARIZONA**

19

20 Briana McKnight, an individual,        )  Case No.  2:20-CV-01956-DWL
                                          )
21              Plaintiff,                )
                                          )
22      vs.                               )  **DEFENDANT BRIAN MCKNIGHT'S**
                                          )  **MOTION FOR JUDGMENT ON THE**
23                                        )  **PLEADINGS (FRCP 12(c))**
   Brian McKnight, an individual; and DOES 1- )
24 10,                                    )  **(Oral Argument Requested)**
                                          )
25              Defendants.               )
                                          )
26 _____ )

27

28

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendant Brian McKnight ("Defendant"), by and through his counsel of record, hereby moves the Court to enter judgment on the pleadings as to the First and Second Claims (collectively, the "Defamation Claims") of the Second Amended Complaint ("SAC"). This motion is made on the grounds, which are set forth with particularity in the accompanying Memorandum of Points and Authorities, that the purported defamatory statement is not capable of defamatory meaning.

Prior to filing this motion, undersigned counsel conferred with Plaintiff's counsel regarding the contents of this motion, as required by L.R. 12.1(c).

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    SUMMARY OF ARGUMENT

Plaintiff Briana McKnight ("Plaintiff") alleges in the SAC that Defendant "imputed unchastity" to her. SAC ¶ 35. However, when Defendant served discovery on Plaintiff regarding her chastity, Plaintiff refused to comply with Defendant's requests and asked the Court to issue a protective order.

On May 13, 2021, the Court granted Plaintiff's wish but with a clear warning: "Plaintiff is on notice that, in light of this ruling, she will not be allowed during a future stage of this case to argue that the alleged statement was defamatory for some reason other than its implication of incest." Dkt. 56 7:27-28.

In light of the Court's ruling, Plaintiff can no longer argue that the Defendant's alleged statement is defamatory because it impugns her virtue. Plaintiff is limited to a claim that being the victim of incestuous statutory rape is defamatory because it impugned her chastity. As a result, Plaintiff's defamation claim fails as a matter of law.

For more than 100 years, courts have recognized that being the victim of a sex crime cannot be defamatory. *See, e.g., Rocky Mountain News Printing Co. v. Fridborn*, 46 Colo. 440, 104 P. 956, 960 (Colo. 1909). By its very definition, a person's chastity can only be impugned by **voluntary** sexual behavior—not illegal sex between a minor

and an adult cousin. When presented with case law on this point, Defendant's counsel proffered no countervailing legal authority and instead responded: "I believe that the defendant's position is contrary to law" and "all I can say is 'no.'" Susman Decl. Ex. .

Dismissal is also appropriate here because the purported defamatory statement is incapable of defamatory meaning because it was a statement of opinion and completely within Defendant's knowledge.

Finally, the purported defamatory statement is also not actionable because it is incapable of defamatory meaning; a reasonable listener would not know that it was "of and concerning" Plaintiff.

For the reasons discussed herein, the Court should enter judgment on the pleadings on the Defamation Claims.

## II.      STATEMENT OF RELEVANT FACTS

The SAC alleges:

> 13. On August 15, 2019, Briana was still a minor. As of that time, the public was not aware that Briana was the defendant's daughter, the media did not cover her relationship (or lack of a relationship) with her father, and she had not drawn attention to the fact that she was the defendant's daughter. Only her inner circle of friends knew who her father was. The identity of Briana's father and/or her father's parenting of her had never been the concern or subject of any public controversy or attention.
> 14. On August 15, 2019, Briana decided to share aspects of her perceptions of growing up with an unnamed absent father on her personal Instagram page. That post did not mention the defendant by name, did not describe him as a celebrity, did not refer to his profession, and provided no identifying information about the defendant. In that post, she simply described her personal feelings as the daughter of an unnamed father who had withdrawn from her.

Shorn to its essence, Plaintiff alleges that no reasonable reader of her Instagram post could possibly discern that she was Defendant's daughter or that her post was about Defendant.

The SAC further alleges:

19. On August 16, 2019, the day after Briana's post, the defendant . . . .stated: "My daughter is about to turn 18, I'll get to her in a second. . . .And unfortunately along the way, a couple years ago I caught wind that there was an older cousin who was above 18 who was quite possibly having sex with her."[1] Defendant's clip stated that he "called...to the state office for children's affairs there in Arizona" and that he "never heard anything back."[2]

30. On August 16, 2019, the defendant published the above-alleged defamatory statements imputing unchastity to the plaintiff.

Elsewhere the SAC alleges:

- "Defendant . . . falsely represented [that Plaintiff] while a minor engaged in sexual relations with an older cousin." SAC ¶ 1;
- Defendant alleged that Plaintiff "had sex with an adult cousin . . .  was having sex with an adult cousin when she was a minor." SAC ¶ 20(a);
- Defendant asserted that "Briana was unchaste because, when a minor, she had sex with an adult cousin." SAC ¶ 20(b);
- Defendant alleged that Plaintiff "was having sex with an adult cousin." SAC ¶ 22(b);

---

[1] The foregoing shall be referred to herein as the "purported defamatory statement."

[2] The SAC conspicuously omits the context in which the purported defamatory statement was made. Among other things, Defendant stated:

> If you look back on my Instagram, she was a part of this family too, with Jack and Julia and myself. And unfortunately, along the way, a couple years ago I got wind that there was an older cousin who was above 18 who was quite possibly having sex with her. So, I called, as a father should, to the state office for children's affairs there in Arizona and I never heard anything back. But the next thing that her mother did was block all of us from her social media from her phone and completely estranged her from us. So what that told me was, they didn't want me to be involved in her life that way.

Filed herewith as a physical exhibit is a copy of Defendant's entire six-minute online video post. *See Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 879 (1st Cir. 1991) (holding that when a document is central to the plaintiff's complaint and the plaintiff fails to introduce it, the defendant may introduce the exhibit as a part of his motion attacking the pleading without converting a Rule 12 motion into a motion for summary judgment under Rule 56); *see also Fudge v. Penthouse Int'l., Ltd*., 840 F.2d 1012 (1st Cir. 1988), cert. denied, 488 U.S. 821 (1988) (same).

DEFENDANT BRIAN MCKNIGHT'S MOTION FOR JUDGMENT ON THE PLEADINGS

- Defendant alleged that Plaintiff "was having sex with an adult cousin." SAC ¶ 22(c);
- Defendant alleged that Plaintiff had "sex as a minor with an older 'cousin.'" SAC ¶ 23(b);
- Defendant alleged that Plaintiff "engaged in sex as a minor with a cousin." SAC ¶ 26
- Defendant published a "story of Briana's supposed sexual relationship with a cousin." SAC ¶ 27;
- Defendant alleged that Plaintiff "had while a minor engaged in sexual relations with an older cousin." SAC ¶ 28.

After Defendant served discovery on Plaintiff regarding her allegation that the purported defamatory statement had imputed unchastity upon her, the parties filed two joint reports with the Court regarding their dispute. Dkt. 37, 54. In the second report, Plaintiff alleged: "In ten different places, and in the clearest possible terms, the SAC specifies that Briana's defamation claim is based on the statement that she had sex with a cousin, i.e., incest." Dkt. 54 5:14-16.

On May 13, 2021, the Court issued its order regarding the scope of permissible discovery regarding Plaintiff's chastity but warned Plaintiff: "Plaintiff is on notice that, in light of this ruling, she will not be allowed during a future stage of this case to argue that the alleged statement was defamatory for some reason other than its implication of incest." Dkt. 56 7:27-28.

Prior to filing this motion, the parties met and conferred pursuant to Local Rule 12.1. On June 1, 2021, counsel for Defendant emailed to Plaintiff's counsel a detailed meet and confer letter regarding the bases for this Motion. (Email from J. Susman to J. West (6/1/21), attached as Exhibit 1.) Plaintiff's counsel's initial response was, "I believe that the defendant's position is contrary to law." (Email from J. West to J. Susman (6/1/21), attached as Exhibit 2.) One week later, Plaintiff's counsel sent another email to Defendant's counsel in which he ignored the fact that the purported defamatory statement does not identify Plaintiff, and concluded: "With regard to the assertion that there was no defamation because

1   the statement concerned being the victim of a sex crime, all I can say is 'no.' Make your

2   motion on that grounds." (Email from J. West to J. Susman (6/8/21), attached as Exhibit 3.)

## III.   LEGAL STANDARD

4       Under Federal Rule of Civil Procedure 12(c), "a party may move for judgment on

5   the pleadings" after the pleadings are closed "but early enough not to delay trial."

6       A motion for judgment on the pleadings, pursuant to Rule 12(c), challenges the

7   legal sufficiency of the opposing party's pleadings. *See, e.g., Westlands Water Dist. v.*

8   *Bureau of Reclamation,* 805 F. Supp. 1503, 1506 (E.D. Cal. 1992). In deciding a Rule

9   12(c) motion, the Court applies the same standards applicable to a Rule 12(b)(6) motion.

10  *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.* 637 F3d 1047, 1054, fn. 4 (9th

11  Cir. 2011) ("Rule 12(c) is 'functionally identical' to Rule 12(b)(6)").

12      Judgment on the pleadings is proper when there is either a "lack of cognizable

13  legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory."

14  *Balistreri v. Pacifica Police Dept.,* 901 F2d 696, 699 (9th Cir. 1988). This includes the

15  *Twombly/Iqbal* "plausibility" standard. *Chavez v. United States* 683 F3d 1102, 1108–

16  1109 (9th Cir. 2012).

## IV.   THE DEFAMATION CLAIMS FAIL AS A MATTER OF LAW BECAUSE THE STATEMENT IS NOT SUSCEPTIBLE TO DEFAMATORY MEANING

### A.   A STATEMENT THAT SOMEONE WAS A VICTIM OF A SEX CRIME IS NOT CAPABLE OF DEFAMATORY MEANING

21      Plaintiff has staked her entire Defamation Claims on Defendant's purported

22  statement that she "was unchaste because, when a minor, she had sex with an adult

23  cousin." SAC ¶ 20(b); *see also* SAC ¶¶ 20(a), 22(b), 22(c), 23(b), 26, 27, 28.  On May 13,

24  2021, in connection with granting Plaintiff's motion for protective order, the Court put

25  "[p]laintiff is on notice that, in light of this ruling, she will not be allowed during a future

26  stage of this case to argue that the alleged statement was defamatory for some reason other

27  than its implication of incest." Dkt. 56 7:27-28. This motion follows from that Order,

28

1   which limited the scope of the Plaintiff's claims, at the Plaintiff's own request.

2       As this Court is aware, it is a felony under Arizona law for a person over the age of

3   18 to have sex with a minor. *See* ARS 13-1405 ("A person commits sexual conduct with a

4   minor by intentionally or knowingly engaging in sexual intercourse or oral sexual contact

5   with any person who is under eighteen years of age. . . .Sexual conduct with a minor who

6   is at least fifteen years of age is a class 6 felony.")  It is also a felony for a person over the

7   age of 18 to have sex with a cousin. *See* ARS 13-608 ("Persons who are eighteen or more

8   years of age and are within the degrees of consanguinity within which marriages are

9   declared by law to be incestuous and void, who knowingly intermarry with each other, or

10  who knowingly commit fornication or adultery with each other are guilty of a class 4

11  felony.").  Accordingly, it is indisputable that the purported defamatory statement alleged

12  that Plaintiff was the victim of a sex crime.

13      A statement that Plaintiff was a victim of a sex crime is not capable of defamatory

14  meaning. In *Rocky Mountain News*, after a newspaper falsely reported that plaintiff, a

15  victim of a sexual assault, had given birth, the Court held: "An unmarried female ... who

16  has been carnally known against her will, and as a result thereof becomes a mother, has not

17  thereby lost her virtue nor her chastity."  *Rocky Mountain News Printing Co. v. Fridborn*,

18  46 Colo. 440, 104 P. 956, 960 (Colo. 1909).  While *Rocky Mountain News* is now over

19  100-years old; the rule of law stated there is not outdated. *See e.g.,* Black's Law Dict. (5th

20  ed. 1979) p. 214, col. 2.) ("A victim of a sex crime is not considered unchaste.").

21      *Bement v. N.Y.P. Holdings, Inc*., 307 A.D.2d 86, 92, 760 N.Y.S.2d 133 (2003), is

22  directly on point here. In *Bement*, a newspaper published a story stating that the plaintiff

23  operated as a spy who "slept" with foreign government officials. The article also indicated

24  that the plaintiff "was raped on several occasions and that other times she rejected []

25  advances." The trial court found these statements incapable of defamatory meaning and the

26  appellate court affirmed. In affirming, the appellate court stated:

27      It was never stated that she voluntarily engaged in sex with anyone or that

28

this alleged conduct was pleasurable or economically rewarding for her; instead the article conveyed the view that her alleged conduct amounted to a sacrifice for the good of her country. This finding is also consistent with case law. The court found that the article did not "expose [plaintiff] to hatred, contempt or aversion, or ... induce an evil or unsavory opinion of [her] in the minds of a substantial number of the community"

*Bement*, 307 A.D.2d at 92. Put simply, unchastity may be imputed from statements alleging prostitution, promiscuity, or voluntary sexual behavior, but unchastity ***cannot*** be imputed as a result of having been the victim of a sex crime. *See, generally, Lemacks v. State*, 207 Ga. App. 160, 160, 427 S.E.2d 536, 537 (1993) ("It is no reflection on character that one has been an unwilling victim of prior crimes."); *Raines v. State*, 191 Ga. App. 743, 744, 382 S.E.2d 738, 739 (1989) ("a prior rape committed against the victim has nothing whatsoever to do with her past sexual behavior"); *Summitt v State of Nevada*, 101 Nev 159, 164, 697 P2d 1374, 1378 (1985) (Steffen, J., concurring in part and dissenting in part) (finding that a child-victim's reputation would have been unaffected by a disclosure that she had been the victim of a prior sexual assault).

Because Plaintiff has limited her claims to allegations and harm unrelated to her sexual behavior generally (her chastity), and, as a matter of law, being described as the victim of a sex crime is not defamatory, the Court should enter judgment on the Defamation Claims.

**B.     THE PURPORTED DEFAMATORY STATEMENT IS NOT CAPABLE OF DEFAMATORY MEANING BECAUSE IT STATES A MATTER OF OPINION COMPLETELY WITHIN DEFENDANT'S KNOWLEDGE**

The elements of defamation of a private person[3] in Arizona are (1) publication of a false and defamatory statement concerning the plaintiff, (2) defendant knew the

---

[3] Plaintiff is, in fact, a limited person public figure. For purposes of this Motion only, and without conceding that Plaintiff is a private person, Defendant will apply the lesser standard for defamation of a private person.

statement was, and (3) defendant acted in reckless disregard of these matters or negligently failed to ascertain them. *Peagler v. Phoenix Newspapers, Inc.*, 114 Ariz. 309, 315, 560 P.2d 1216, 1222 (1977) (citing Restatement (Second) of Torts § 580B (1975). It is fundamental that the "publication must reasonably appear to state or imply assertions of material fact that are provably false." *Yetman v. English*, 168 Ariz. 71, 76, 811 P.2d 323, 328 (1991).

Although a claim for false light invasion of privacy may be based upon a truthful statement,[4] Plaintiff's false light claim is substantially the same as her defamation claim, and is based on the exact same facts, including "the falsity of the publicized matter." *Compare* SAC ¶¶ 30, 31 with SAC ¶ 36. Consequently, it fails for the same reasons as the defamation claim.

The purported defamatory statement is not capable of defamatory meaning because Defendant did not allege that Plaintiff, in fact, had sex or incestuous relations with a relative.  Rather, Defendant clearly stated, "**I caught wind** that there was an older cousin who was above 18 who was **quite possibly** having sex with her."  On its face, Defendant made no provably false statement of fact that Plaintiff had sex with a cousin.

Plaintiff argues that "simply couching such statements in terms of opinion does not dispel defamatory implications because a speaker may still imply knowledge of facts which lead to the defamatory conclusion."  Susman Decl. Exh. (Defendant citing *McGarry v. University of San Diego*, 154 Cal. App. 4th 97, 112 (2007)).  Plaintiff is only half right, as the Court in *McGarry* explained:

> To determine whether a statement is actionable fact or nonactionable opinion, courts use a totality of the circumstances test of whether the statement in question communicates or implies a provably false statement of fact. Under the totality of the circumstances test, first, the language of the statement is examined. For words to be defamatory,

---

[4] *See Desert Palm Surgical Grp., P.L.C. v. Petta*, 236 Ariz. 568, 580, 343 P.3d 438, 450 (Ct. App. 2015).

1
2
they must be understood in a defamatory sense. Next, the context in which the statement was made must be considered.

3
*Id.* (internal citations and quotes omitted).

4
The purported defamatory statement fails the *McGarry* test on both grounds.

5
6
7
First, the language of the purported defamatory statement is clear: Defendant heard from someone that Plaintiff "was **quite possibly** having sex" with an older cousin. Defendant did not make a statement of fact about Plaintiff, but a statement of possibility.

8
9
Second, the context in which the statement was made further demonstrates that it is nonactionable opinion. Here, there are many levels of context, including *inter alia*:

10
11
(1)     The context of Defendant's son BJ "accusing the defendant of abandoning his children." SAC ¶ 12.

12
13
14
15
(2)     The context of Plaintiff publicly discussing her relationship with Defendant and stating: "I grew up thinking that the things that happened to me and my dad's relationship was my fault. I grew up thinking that he doesn't want to come visit me because he doesn't love me. …I want to share my side of the story." Susman Decl. Ex.

16
17
18
19
(3)     The context of Defendant explaining his side of the story and explaining that he did not abandon Plaintiff. Rather, after Defendant reported that Plaintiff was "quite possibly" the victim of a sex crime, Plaintiff's mother blocked Defendant from contacting Plaintiff.

20
21
Context is everything, and in context, the purported defamatory statement is incapable of defamatory meaning because it is a true statement of opinion.

22
23
24
25
26
27
*Others First Inc. v. Better Bus. Bureau of Greater St. Louis, Inc*., 105 F. Supp. 3d 923 (E.D. Mo. 2015), aff'd, 829 F.3d 576 (8th Cir. 2016) in instructive. In *Others First*, the Court held that the statement "Corey also said it appears that a former associate of Frazier, and perhaps even Frazier himself, may have potential conflicts of interest over their involvement in the Others First donation program" was not actionable defamation for the same reason the purported defamatory statement is not actionable. **First**, the

28

statement in *Others First* accurately reported what Corey said—just as Defendant accurately reported what he heard about Defendant. *Id*. at 932. **Second**, "[t]he underlying statement also does not imply an assertion of objective fact, as it is qualified by the language itself—it 'appears,' 'perhaps,' and 'may have.' **When this equivocal language is combined with the attribution of this statement to a particular speaker, a reasonable factfinder would treat this statement as one of opinion and not as the assertion of an objective fact**." *Id*. at 932-33 (emphasis added). Here too, Defendant's underlying statement that Plaintiff "was quite possibly having sex" with an older cousin does not imply an assertion of objective fact, as Defendant clearly qualified the statement.

Accordingly, the purported defamatory statement is incapable of defamatory meaning, and the Court should enter judgment on the Defamation Claims.

## C.   THE PURPORTED DEFAMATORY STATEMENT IS NOT CAPABLE OF DEFAMATORY MEANING BECAUSE A REASONABLE LISTENER WOULD NOT KNOW IT WAS ABOUT PLAINTIFF

To be "actionable as a matter of law, defamatory statements must be published in such a manner that they reasonably relate to specific individuals." *Hansen v. Stoll*, 130 Ariz. 454, 458 (Ct. App. 1981). The burden rests on the plaintiff to show that the publication was "of and concerning" her. *Id*.  Here, the purported defamatory statement is not capable of defamatory meaning, as a reasonable person would not know that it was of and concerning Plaintiff.

According to the SAC, a reasonable person who read Plaintiff's August 15, 2019 Instagram post would not be able to identify the subject as Defendant, because: "That post did not mention the defendant by name, did not describe him as a celebrity, did not refer to his profession, and provided no identifying information about the defendant." SAC ¶ 14. By the same token, a reasonable listener to the purported defamatory statement would not be able to identify its subject because Defendant did not mention

Plaintiff by name, did not describe her as anything more than his daughter, did not refer to her school, and did not provide any identifying information about Plaintiff. Consequently, the purported defamatory statement fails to satisfy the "of and concerning" element, and the Court should enter judgment on the pleadings on the Defamation Claims.

## V.    CONCLUSION

For the reasons stated herein, Defendant respectfully requests that the Court enter judgment on the Defamation Claims.

RESPECTFULLY SUBMITTED this 18th day, June, 2021

NOLAN HEIMANN LLP

By:      */s/ Jordan Susman*
Jordan Susman
*Admitted Pro Hac Vice*

KERCSMAR FELTUS & COLLINS

By:      */s/ Gregory Collins*
Gregory B. Collins
Mitchell P. Reber
**Attorneys for Defendant Brian McKnight**

1

## **LOCAL RULE 12.1 CERTIFICATION**

2

3       Pursuant to Local Rule 12.1, I certify that before filing the instant motion I

4  conferred with Plaintiff's counsel by telephone and email, informed them of the

5  Defendant's intention to file this motion and the bases for it. Plaintiff's counsel

   responded that Defendant should file the instant motion.

6

7

8                                         */s/ Jordan Susman*
                                          Jordan Susman
9                                         Attorney for Defendant Brian McKnight

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28